UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALUM FUND, LLC and AFLX, LLC, a
Florida limited liability company,

        Plaintiff,

v.                                    Case No:  2:24-cv-184-JLB-KCD

GREATER NEVADA CREDIT
UNION, GREATER NEVADA
COMMERCIAL LENDING, LLC,
SUGAR TOWN, LLC, ATIO USA,
LLC, LUCIO MEDOLAGO ALBANI,
and AEGIS VENTURE FUND, LLC,

        Defendants.

_____/

## ORDER

On June 12, 2024, the Magistrate Judge entered an Order recommending[1]

that Plaintiffs' Motion for Remand to state court (Doc. 14) be granted.   (Doc. 47).

On June 26, 2024, Defendant Greater Nevada Credit Union ("GNCU") filed an

Objection to the Magistrate Judge's Order.   (Doc. 51).   Plaintiffs filed a response to

GNCU's Objection.   (Doc. 52).   Upon independent review of the Magistrate Judge's

Order, the parties briefing, and the entire record, the Court **OVERRULES**

Defendants' Objection (Doc. 51) and **ADOPTS** the Magistrate Judge's Order (Doc.

47).   As set forth herein, the Court finds that Plaintiff's Motion to Remand (Doc.

14) is **GRANTED.**

---

[1] For the reasons discussed below, the Court will construe the Magistrate Judge's
Order as a Report and Recommendation and will therefore review the objections *de
novo*, as required by 28 U.S.C. § 636(b)(1).

## BACKGROUND

This Foreclosure Action arises over a dormant aluminum recycling facility in Hendry County, Florida.   (*See* Doc. 8).   In 2016, Defendants ATIO USA, LLC and Sugar Town, LLC joined to build the facility.   (*Id.* at ¶ 15).   To finance the project, ATIO obtained a loan[2] from GNCU for $10 million (*id.* at ¶ 28), and Sugar Town executed a $4 million promissory note with Freedom Bank (*id.* at ¶ 19).   The note was secured by a mortgage that Seacoast National Bank eventually acquired.   (*Id.* at ¶¶ 20, 21).

ATIO and Sugar Town then defaulted on both obligations.   (*Id.* at 7, 9).   Two separate, but later consolidated, assignments for the benefit of creditors proceedings were filed.   (*Id.* at 7 (citing *In re Assignment for the Benefit of Creditors of Sugar Town, LLC and ATIO USA, LLC*, Case Nos. 2021-CA-499 and 2021-CA-500 (Fla. 20th Cir. Ct.))).   ATIO and Sugar Town's assets were then liquidated. (*Id.* at ¶ 33).

On May 13, 2022, Seacoast Bank then initiated this Foreclosure Action against Sugar Town, ATIO, and others, but did not include GNCU as a Defendant. (*See* Doc. 1-4) (the "Foreclosure Action").   The complaint was filed in the Circuit Court of the Twentieth Judicial Circuit in and for Hendry Country, Florida.   (*See id.*).   Seacoast Bank then sold the mortgage on May 31, 2022, to Avalon Capital Management, LLC.   (Doc. 8 at ¶ 40).   Thereafter, Avalon transferred its interest to

---

[2] The loan was secured by the machinery and equipment located at the facility. (Doc. 8 at ¶ 28).

AFLX, LLC.   (*Id.*).   AFLX was then substituted as Plaintiff.   The case then sat dormant.

On March 23, 2023, Plaintiffs initiated a separate action in state court alleging Slander of Title against GNCU and the Hendry County Tax Collector.   The state court dismissed the Tax Collector from the action, and GNCU removed it to this Court in a separate case.   *Alum Fund, LLC et al. v. Greater Nevada Credit Union et al.*, Case No. 2:23-cv-1159-JLB-KCD (M.D. Fla.) (the "Slander of Title Action").   There, Plaintiffs alleged that GNCU slandered its title to the ATIO assets and sought a declaratory judgment that Plaintiffs' interest in the ATIO assets were superior to GNCU's.   (*See Slander of Title Action*, Doc. 47).   Plaintiffs then moved to remand the Slander of Title Action, but that request was denied on January 24, 2024.   (*See Slander of Title Action*, Doc. 43).

Less than two weeks later, Plaintiffs filed an Amended Complaint in this Foreclosure Action[3], adding the same slander of title claims against Defendant GNCU.   (*See* Doc. 1-1).   The GNCU Defendant is the only non-Florida resident in this Foreclosure Action.   (*Id.* at 1–2).   GNCU then removed the case to Federal Court on fraudulent joinder grounds.   (Doc. 1).   Plaintiffs then filed a motion to remand the case to Florida state court (Doc. 14), which the Magistrate Judge recommended granting (Doc. 47).   Defendants objected to the Magistrate Judge's recommendation (Doc. 51) and Plaintiffs responded to the objection (Doc. 52).

---

[3] The case was before the Twentieth Judicial Circuit in Hendry County, Florida when the amended complaint was filed.   (*See* Doc. 1-1).

**STANDARD OF REVIEW**

Although the Eleventh Circuit has not addressed the issue, "every court of appeals to consider the question has held that remand to state court should be treated as a matter which may not be resolved by a magistrate judge by order." *Exclusive Grp. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 2:22-CV-474-JES-NPM, 2023 WL 8597520, at *3 (M.D. Fla. Dec. 12, 2023) (collecting cases). Therefore, the Court will construe the Magistrate Judge's Order (Doc. 47) as a Report and Recommendation, which a District Judge may accept, reject, or modify. 28 U.S.C. § 636(b)(1).   When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   *Id.*

**DISCUSSION**

The Magistrate Judge reasoned that remand was warranted given that (1) Plaintiffs intended to pursue judgment against the Florida Defendants and (2) Plaintiffs did not fraudulently join GNCU.   (Doc. 47 at 10–15).   GNCU filed an objection to the Order arguing that the slander of title claims in this Foreclosure Case are identical to the claims in the Slander of Title Action.   (Doc. 51 at 6). Thus, GNCU asserts that the claims were fraudulently joined, must be bifurcated, and the claims against GNCU should remain in this Court.   (*Id.*).

After an independent review of the record and upon consideration of Defendant GNCU's Objection, the Court finds that GNCU's Objections are due to be overruled.

## I.  Plaintiffs' intent to obtain clean title.

GNCU first argues that the slander of title claims in this Foreclosure Action were fraudulently joined, should be bifurcated, and remain in this Court.   (*Id.*).   In support, GNCU states that the slander of title claims "are identical to those against the GNCU Defendants in the Slander of Title Action."   (*Id.* at 6).   Further, GNCU argues that "Plaintiffs' intentions are obvious given they added the Slander of Title claims to the Foreclosure Action less than two weeks after this Court denied Plaintiffs' motion to remand the exact same claims in the Slander of Title Action." (*Id.* at 7–8).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction.   28 U.S.C. § 1441(a).   Diversity jurisdiction exists when the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different states.   28 U.S.C. § 1332(a).

However, an action with non-diverse defendants may nevertheless be removable under limited circumstances.   "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   Joinder is deemed fraudulent in three situations: (1) where there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendants; (2) where there is outright fraud in plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined "with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse

defendant has no real connection to the claim against the nondiverse defendant."
*Id.* (citations omitted).   "[A] plaintiff's motivation for joining a defendant is not
important as long as the plaintiff has the intent to pursue a judgment against the
defendant."   *Id.* at 1291.

As for GNCU's argument—that the slander of title claims in this Foreclosure
Action were fraudulently joined—the Court is not persuaded.   The Magistrate
Judge properly noted that the "Plaintiffs offer a persuasive recitation of the facts
and circumstances that influenced their decision to pause the foreclosure process
until now."   (Doc. 47 at 11 (citing Doc. 14-1)).   Notably, the record demonstrates
that Plaintiffs' permit to operate the facility expired on December 31, 2023.   (Doc. 8
at ¶ 16).   Plaintiffs allege that before that permit expired, they attempted, but were
unable, to obtain an extension for the permit because GNCU claimed it was the true
owner of the facility.   (*Id.*).   Plaintiffs pursued the Slander of Title Action in
Florida state court, attempting to resolve the lien dispute before the expiration of
the permit.   (*See* Doc. 47 at 11).   However, GNCU removed the Slander of Title
Action, and the permit expired after being removed to this Court.   (*Id.*).   Plaintiffs
state that, once the permit expired, their only path forward was to sell the facility.
(*Id.*).   To sell the facility, they would have to obtain clean title by (1) reviving the
dormant Foreclosure Action and (2) adding GNCU as a defendant due to its interest
in the collateral.   (*Id.*).   Put simply, it is entirely plausible that Plaintiffs intended
to reopen the facility but then changed their plans once the permit lapsed.
Plaintiffs' intent is clear in that they are seeking a clean title through adding
GNCU to this action.   These facts refute GNCU's argument that Plaintiffs had

nefarious reasons for joining GNCU as a defendant in this action.   As stated previously, GNCU must show that joinder was fraudulent under either of three situations; it has failed to do so.   Accordingly, the Magistrate Judge's findings are adopted as to the finding that Plaintiffs did not fraudulently join GNCU.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1)     Defendant GNCU's Objection (Doc. 51) is **OVERRULED**, and the Magistrate Judge's Order (Doc. 47) is **ADOPTED** and made part of this Order for all purposes.

(2)     The Clerk of Court is directed to remand this case to state court by transmitting a certified copy of the Magistrate Judge's Order (Doc. 47) and this Order to the Clerk of Court for the Twentieth Judicial Circuit in and for Hendry, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

**ORDERED** in Fort Myers, Florida, on November 7, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE